**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES C. HUMR,**

      **Petitioner,**                         **CASE NO. 2:11-CV-0546**
                                               **JUDGE GRAHAM**
      **v.**                               **MAGISTRATE JUDGE ABEL**

**MICHELE MILLER, WARDEN,
BELMONT CORRECTIONAL INSTITUTION,**

      **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on the petition, Respondent's Return of Writ, Petitioner's Traverse, and the exhibits of the parties. This case involves Petitioner's convictions by his negotiated guilty plea in the Portage County Court of Common Pleas for trafficking in cocaine and illegal manufacture of drugs. On direct appeal, the state appellate court remanded the case to the trial court for re-sentencing. After a hearing on Petitioner's motion to withdraw his guilty plea, the trial court re-sentenced Petitioner, and the appellate court affirmed the trial court's judgment. The Ohio Supreme Court dismissed Petitioner's subsequent appeal. Petitioner filed a Rule 26(B) application, which was denied by the state appellate court. He thereafter attempted to file successive Rule 26(B) applications.

In this habeas corpus petition, Petitioner asserts that his sentence violates Ohio law, that the trial court failed to comply with Ohio law in accepting his guilty plea, that the trial court erred in imposing restitution, court costs and a fine, and that his guilty plea was not knowing, intelligent or voluntary based on the ineffective assistance of counsel. For the reasons that follow, the Magistrate Judge concludes that these claims are without merit or procedurally defaulted and therefore

**RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

### FACTS and PROCEDURAL HISTORY

The Ohio Eleventh District Court of Appeals summarized the facts and procedural history

of his case as follows:

> On September 7, 2006, appellant was indicted by the Portage County
> Grand Jury on six counts of trafficking in cocaine, felonies of the
> fifth degree, in violation of R.C. 2925.03(A) and (C)(4)(a); two
> counts of illegal manufacture of drugs, felonies of the second degree,
> in violation of R.C. 2925.04; and one count of possessing criminal
> tools, a felony of the fifth degree, in violation of R.C. 2923.24(A) and
> (C). Appellant entered a not guilty plea at his arraignment on
> September 15, 2006.
>
> A change of plea hearing was held on October 12, 2006. Appellant
> withdrew his former not guilty plea and entered an oral and written
> plea of guilty to count three of the indictment, trafficking in cocaine,
> a felony of the fifth degree, in violation of R.C. 2925.03(A) and
> (C)(4)(a), and count eight, illegal manufacture of drugs, a felony of
> the second degree, in violation of R.C. 2925.04. On October 13,
> 2006, the trial court accepted appellant's guilty plea and entered a
> nolle prosequi to the remaining counts of the indictment. The trial
> court referred the matter to the Adult Probation Department for a
> statutory investigation and written report.
>
> Pursuant to its December 7, 2006 judgment entry, the trial court
> sentenced appellant to ten months in prison for trafficking in cocaine,
> and five years for illegal manufacture of drugs, to run concurrent to
> one another, with credit for seventy-seven days for time already
> served. In addition, the trial court ordered appellant to pay restitution
> through the Portage County Adult Probation Department in an
> amount up to $400 within seven years; suspended appellant's driver's
> license for eight years; and assessed a mandatory drug fine of $7,500,
> costs of the proceedings, and the indigent assessment and recoupment
> fee, to be paid within seven years.
>
> In its March 7, 2008 nunc pro tunc judgment entry, the trial court
> changed/added that appellant shall receive credit for ninety-three
> days for time already served in the Portage County Jail and on house

arrest.

It is from the foregoing December 7, 2006 judgment entry, and the March 7, 2008 nunc pro tunc judgment entry that appellant filed the instant appeal, asserting the following eight assignments of error for our review: [FN2]

FN2. On July 2, 2007, appellant filed a pro se petition for postconviction relief. On October 23, 2007, appellant filed a pro se motion to vacate order requiring payment of court costs, fines and/or restitution, which was overruled without a hearing by the trial court on October 25, 2007. On March 3, 2008, appellant filed a pro se motion for jail time credit, which was granted by the trial court pursuant to its March 7, 2008 nunc pro tunc judgment entry. On June 27, 2008, appellant filed a pro se motion to dismiss, which was overruled without a hearing by the trial court on July 1, 2008. On September 4, 2008, appellant filed a pro se motion for sentence reduction and/or modification. On September 18, 2008, appellant filed a pro se motion for a stay of execution, which was overruled without a hearing by the trial court on September 22, 2008. Also on September 22, 2008, appellant filed a pro se motion for the assignment of counsel due to his indigency, as well as a pro se motion for delayed appeal pursuant to App. R. 5(A). A judicial release hearing was held on October 14, 2008. Pursuant to its October 16, 2008 judgment entry, the trial court overruled appellant's pro se motion for judicial release. The trial court granted appellant's pro se motion for the assignment of counsel on October 17, 2008, and counsel was appointed. On December 1, 2008, this court granted appellant's pro se motion for leave to file a delayed appeal and appointed counsel to represent him for purposes of this appeal.

*State v. Humr,* No. 2008-P-0088, 2009 WL 33418997, at *1 (Ohio App. 11th Dist. Oct. 23, 2009).

Through counsel, Petitioner raised the following assignments of error on appeal:

[1.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT AN EVIDENTIARY HEARING.

[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING A SENTENCE WHICH WAS CONTRARY TO LAW AND AN ABUSE OF ITS DISCRETION UNDER THE SENTENCING GUIDELINES OF R.C. 2929 .11

AND 2929.12.

[3.] THE TRIAL COURT'S SENTENCING ORDER SUSPENDING APPELLANT'S DRIVER'S LICENSE FOR EIGHT YEARS WAS CONTRARY TO LAW.

[4.] THE TRIAL COURT'S SENTENCING ORDER REQUIRING APPELLANT TO MAKE RESTITUTION WAS NULL AND VOID, CONTRARY TO LAW, AND AN ABUSE OF DISCRETION.

[5.] THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE THE ORDER REQUIRING PAYMENT OF COURT COSTS, FINES, AND RESTITUTION.

[6.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO ADVISE HIM AT THE SENTENCING HEARING OF HIS APPEAL RIGHTS UNDER CRIM.R. 32(B).

[7.] THE TRIAL COURT FAILED TO PROPERLY INFORM APPELLANT IN ACCORDANCE WITH THE REQUIREMENTS OF R.C. 2943.032 PRIOR TO ACCEPTING THE GUILTY PLEA.

[8.] APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

*Id*. at *1-2.  On October 23, 2009, the appellate court sustained Petitioner's third, fourth and sixth assignments of error, finding the remainder of his claims moot, and remanding the case to the trial court for re-sentencing.[1]  *Id*.

---

[1]  The state appellate court held

that the trial court exceeded its statutory authority by suspending appellant's driver's license for eight years, three years beyond the five-year maximum under R.C. 2925.03(D)(2) & (G) and 2925 .04(D)(2). *Id.* at ¶ 18. This court indicated that the trial court's restitution order failed to comply with R.C. 2929.18(A)(1), because the order was not made in open court, no victim was identified, and no specific amount was specified. *Id.* at ¶ 22-23. Also, we held that appellant's due process rights were violated because he was never informed of his Crim.R. 32(B) rights by the trial court. *Id.* at ¶ 36.

4

On remand, appellant filed a motion on November 30, 2009, to withdraw his guilty plea and vacate his conviction, alleging that his plea was based on ineffective assistance of counsel and, therefore, was not knowingly made. Following a December 14, 2009 hearing, the trial court overruled appellant's motion and proceeded to resentencing.

Pursuant to its December 16, 2009 judgment entry, the trial court sentenced appellant to five years in prison for illegal manufacture of drugs and ten months for trafficking in cocaine, to be served consecutively. The trial court ordered appellant to pay a mandatory drug fine in the amount of $7,500 within ten years, and restitution in the amount of $380 within six years. Appellant's driver's license was suspended for three years. The trial court also informed appellant of his right to appeal. Upon his release from prison, appellant will be subject to a three year term of post release control. [FN3] It is from that judgment that appellant filed the present appeal, asserting the following assignments of error for our review:

FN3. In a March 11, 2010 nunc pro tunc judgment entry, the trial court changed the language regarding post release control from "may" to "will."

"[1.] THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.

"[2.] THE TRIAL COURT ERRED BY IMPOSING MORE THAN A MINIMUM SENTENCE BECAUSE IT WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION."

*State v. Humr,* No. 2010-P-0004, 2010 WL 4054443, at *1 (Ohio App. 11th Dist. Oct. 15, 2010).  On October 15, 2010, the state appellate court affirmed the trial court's judgment.  *Id.*  Petitioner did not timely appeal to the Ohio Supreme Court; however, the Ohio Supreme Court granted his motion for delayed appeal, *State v. Humr*, 127 Ohio St.3d 1530 (2011), and on May 25, 2011, the Ohio

*State v. Humr,* No. 2010-P-0004, 2010 WL 4054443, at *1 (Ohio App. 11th Dist. Oct. 15, 2010).

Supreme Court dismissed Petitioner's appeal. *State v. Humr*, 128 Ohio St.3d 1499 (2011).

Petitioner also filed, on October 27, 2010, an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B), asserting he had been denied effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that the trial court abused its discretion in increasing his sentence and imposing a harsher sentence based on vindictiveness at re-sentencing or arguing that the trial court erred in not holding a hearing to address whether police obtained evidence in violation of the Fourth Amendment or considering his entrapment defense. *Exhibit 27 to Return of Writ*. On December 15, 2010, the appellate court denied Petitioner's Rule 26(B) application. *Exhibit 28 to Return of Writ*. The record before this Court does not indicate that Petitioner ever pursued an appeal of this decision to the Ohio Supreme Court. He did however, subsequently file several additional Rule 26(B) motions in the state appellate court, and a request for the appointment of counsel. *Exhibits 29 – 32 to Return of Writ*. The record before this Court does not indicate whether the appellate court has issued any decision on these motions. Petitioner indicates that he filed a *Writ of Procedendo* requesting a ruling. *See Traverse*.

On June 21, 2011, Petitioner filed this federal petition for a writ of habeas corpus. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The Trial Court erred to the prejudice of the Petitioner by overruling his pre-sentence motion to withdraw his guilty plea without an evidentiary hearing.
>
> The trial court abused its discretion in denying the Petitioner['s] motion to withdraw his guilty plea prior to sentencing where the record demonstrates that (1) the plea was not knowingly and voluntarily given, (2) The plea was induced through reliance upon misleading and false assurances of trial counsel, (3) the plea was given as a result of the petitioner's trial counsel's ineffectiveness, and

(4) the petitioner was not afforded a full hearing on his motion and was not granted full, fair and careful consideration of the same.

2. The trial court erred to the prejudice f the Petitioner by imposing a sentencing which was contrary to Ohio law, and an abuse of its discretion under the sentencing guidelines of R.C. 29529.11 and 2929.12.

A criminal sentence is contrary to law and constitutes an abuse of discretion where the trial court fails to give careful and substantial deliberation to the relevant statutory considerations of R.C. 2929.11 and 2929.12.

3. The trial court erred in overruling the Petitioner's motion to vacate the order requiring payment of court costs and fines, and restitution.

A trial court abuses its discretion in overruling an indigent criminal offender's motion to vacate an order requiring the offender to pay court costs, fines and restitution where the court fails to first consider the offender's ability to pay and the motion and supporting affidavit of indigence was filed prior to the trial court's nunc pro tunc order.

4. The trial court failed to properly inform Petitioner in accordance with the requirements of R.C. 2943.032 prior to accepting the guilty plea.

A trial court errs to the prejudice of a criminal defendant when it fails to properly inform him in accordance with the requirements of R.C. 2943.032.

It is the position of the Respondent that Petitioner's claims are without merit or procedurally defaulted.

### CLAIMS TWO, THREE and FOUR

In claim two, Petitioner asserts his sentence violated Ohio law. In claim three, Petitioner asserts that the trial court erred in overruling his motion to vacate the order requiring payment of court costs and fines, and restitution. In claim four, Petitioner asserts the trial court failed to advise him, at the time of his guilty plea, in compliance with Ohio law. These grounds for relief fail to

present any federal constitutional claim. State law claims cannot be adjudicated in federal habeas corpus.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F>2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

Petitioner asserts that he intended to raise in claim three a claim regarding the alleged violation of the Eighth Amendment. *See Traverse*. Petitioner waived this claim, however, by failing to raise the issue on direct appeal of his re-sentencing.

**PROCEDURAL DEFAULT**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per*

*curiam* ); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

Petitioner failed to raise a claim that his sentence violated the Eighth Amendment on direct appeal.  Further, he may now no longer do so under Ohio's doctrine of *res judicata*.  See  *State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry,* 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule

9

at issue due to the nature of Petitioner's procedural default.

The Magistrate Judge finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson,* 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia,* 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell,* 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins,* 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata,* to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Magistrate Judge concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, the Magistrate Judge is satisfied from its own review of relevant case law that the *Perry* rule is an

10

adequate and independent ground for denying relief.

Petitioner may still obtain review of this claim on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violation.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir.2003). The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (citing *Murray v. Carrier,* 477 U.S. 478, 488–89 (1986)).  Petitioner did not attempt to raise, in Rule 26(B) proceedings, a claim that the trial court's imposition of restitution, fines and court costs violated the Eighth Amendment.  Moreover, Ohio does not permit successive Rule 26(B) applications for relief.  *State v. Twyford*, 106 Ohio St.3d 176 (2005)(citations omitted).  Petitioner has failed to show cause for his procedural default.

Beyond the four-part *Maupin* analysis, a habeas court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333 (1992).

Claims two, three and four are waived.

## CLAIM ONE

In claim one, Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary and was induced upon misleading and false assurances of defense counsel, based on the ineffective

11

assistance of counsel.  The state appellate court rejected this claim, finding in relevant part as

follows:

> In the case at bar, in his November 30, 2009 written presentence
> motion to withdraw his guilty plea and vacate his conviction,
> appellant alleged that his plea was based on ineffective assistance of
> counsel and, therefore, was not knowingly made. At the December
> 14, 2009 hearing, appellant, who was represented by counsel,
> testified in support of his motion indicating, *inter alia*, that he was
> unaware of the maximum penalty; he had improper legal
> representation; his mind was not clear due to the fact that he was
> coming off a very severe drug abuse situation; he improperly
> believed he had no defense to the charged offenses; and the length of
> his sentence was improper.
>
> On cross-examination, appellant indicated the following: he signed
> a written plea of guilty form; the trial court went over each of the
> individual rights with him; the trial court reviewed with him the
> monetary penalties involved; the trial court reviewed with him the
> possible prison sentence; he had accepted the plea negotiations and
> the presentence investigation report; and that the negotiations did not
> include any agreed prison term or any additional terms that were
> reduced to writing.
> . . . [A]ppellant was represented by highly competent counsel.
> Generally, a properly licensed attorney practicing in this state is
> presumed to be competent. *State v. Lytle* (1976), 48 Ohio St.2d 391,
> 397, 358 N.E.2d 623. Here, appellant asserts that his defense counsel
> was ineffective for not advising him to pursue an entrapment defense.
> We note, however, that an entrapment defense was not an option in
> this case. Our review of the record establishes that defense counsel
> provided highly competent representation.
>
> . . . [T]here is simply nothing to indicate that appellant's guilty plea
> was not made knowingly, intelligently, and voluntarily. The trial
> court conducted a thorough colloquy with appellant, determining that
> he understood each and every right he was waiving. The trial court
> made absolutely clear to appellant what the maximum sentence it
> might impose on him could be, if he pleaded guilty. There is nothing
> to indicate that appellant suffers from any cognitive or emotional
> disability that might affect his ability to enter a knowing, intelligent,
> and voluntary plea. Appellant informed the trial court that he
> understood the effect of his guilty plea, its consequences, and
> accepted the same. Thus, the plea hearing was fully compliant with

the requirements of Crim.R. 11.

. . . [W]e note that appellant was given a complete and impartial hearing on the motion to withdraw and our review of the transcript reveals that the trial court gave the motion full and fair consideration. The trial court reviewed the mandatory nature of the prison term with appellant and indicated twice that the term could be as great as eight years for the second degree felony offense. Also, appellant's counsel assured the trial court twice that he had reviewed this information with appellant and that appellant understood that two years was a mandatory *minimum* prison sentence, not the actual sentence. Again, the record establishes that appellant's guilty plea was knowingly, intelligently, and voluntarily entered.

. . . [T]he trial court did not abuse its discretion in denying appellant's presentence motion to vacate his guilty plea.

Appellant's first assignment of error is without merit.

*State v. Humr*, 2010 W:L 4054443, at *3-4.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

13

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"The focus ... is on whether the state court's application of clearly established federal law is objectively unreasonable ... an unreasonable application is different from an incorrect one." *Bell v. Cone,* 535 U.S. at 694. To obtain habeas corpus relief, Petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon,* ─── U.S. ─ ─ ─ ─ , ───S.Ct.───, 2011 WL 5299458, at *1 (Nov. 7, 2011) (quoting *Harrington v. Richter,* 562 U.S. ───, ───, 131 S.Ct. 770, 786–87 (2011).  Petitioner has failed to meet this standard here.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid.  *Boykin v. Alabama,* 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir . 1988)(quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary.  *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel.

14

*Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Sparks v. Sowders,* 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

As noted by the state appellate court, Petitioner signed a *Written Plea of Guilty,* indicating he understood the maximum penalties he faced on his charges of conviction, the rights he was waiving by entry of his guilty plea, and that he had not been threatened or coerced into pleading guilty or made any off-the-record promises. *Exhibit 3 to Return of Writ*. At the time of Petitioner's guilty plea hearing, the prosecutor stated Petitioner would serve a mandatory two years in prison on Count Two. *Guilty Plea Transcript*, at 2. Defense counsel stated he had discussed with Petitioner the charges and evidence against him, his available defenses, and his constitutional and appellate rights. Petitioner understood prison time was mandatory and wanted to plead guilty. *Id*. at 3. Petitioner indicated he understood the nature of the charges against him. *Id.* at 3-4. The trial court advised him of the maximum sentences he faced. *Id*. at 4. The trial court reviewed with Petitioner all of the rights he was waiving by entry of his guilty plea. Petitioner at all times indicated that he understood. *Id*. at 6-7. He indicated he had reviewed his written guilty plea with his attorney and had no questions. Id. at 8. He had no questions regarding the rights he was waiving. *Id*. at 9.

The record fails to support Petitioner's allegation that his guilty plea was not knowing, intelligent or voluntary or based on the ineffective assistance of counsel.  The record demonstrates Petitioner was advised of the maximum sentences he faced.  The record fails to support Petitioner's allegation now that his mind was not clear, that he was unable to understand the proceedings, or that he was misadvised by his attorney and thought he had no defense to the charges against him.  *See Traverse.*  The record indicates to the contrary.  According to the factual findings of the state appellate court, entrapment was not a potential defense.  Petitioner has failed to rebut this finding.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 74.  Such are the circumstances here.

Claim one is without merit.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for an evidentiary hearing is **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

16

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


s/Mark R. Abel
United States Magistrate Judge

17